PIERCE–ARROW MOTOR CAR CO. v.
UNITED STATES.
No. L—488.

Court of Claims.
June 3, 1935.

**63**

Covington, Burling & Rublee, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (Herbert E. Carnes, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The question in this case concerns the value at which certain automobiles of a discontinued model, which plaintiff had on hand at December 31, 1920, should be included in its inventory of that date.

During 1920 and for several years prior thereto plaintiff manufactured a certain type of automobile known as "model 38." In 1920 it began the manufacture of a new model known as "model 32" to take the place of model 38, and in October or early in November, 1920, it had determined that the old model would be discontinued. Certain automobiles of the new model were shown to dealers at a convention in November, 1920, and at that time there was discussion between the dealers and the plaintiff's representatives as to the disposition of the automobiles of the discontinued model which plaintiff then had on hand, but no price was fixed for the old automobiles.

During the period November, 1920, to January, 1921, plaintiff was able to dispose of 7 of the model 38 cars at prices substantially in excess of their cost; the remaining 100 model 38 cars were held by plaintiff until April 15, 1921, without any reduction in their list price. On the last-mentioned date plaintiff sent a circular to its dealers offering to sell the cars of the discontinued model at approximately their cost of manufacture. Under this offer 6 of the old model 38 automobiles were sold between April 15 and June 10, 1921. On the latter date plaintiff made a further reduction in the price of the discontinued model and, as a result, 91 cars were sold at such reduction in 1921. Two automobiles of the discontinued model were disposed of in 1922 and 1 in 1927. In the final disposition of all the old cars plaintiff sustained a loss of about $71,000, the greater portion of which occurred between June 10 and December 31, 1921.

Plaintiff employed the accrual method of accounting and rendered its returns on that basis. It valued its inventory on the basis of cost or market, whichever was lower.

In preparing its return for 1920 plaintiff included the automobiles of the discontinued model in its inventory at December 31, 1921, at cost, since their cost, when manufactured, was less than their reproduction cost at December 31, 1920. Later, it filed a claim for refund on the ground that it should be allowed to revise its inventory and include such automobiles therein at a value less than their cost for the stated reason that the market value of these cars at December 31, 1920, was less than their cost. This claim was denied and this suit was timely instituted.

Upon the facts in this case we think plaintiff is not entitled to recover. Section 203 of the Revenue Act of 1918 (40 Stat. 1060), which was applicable to the year 1920, provides that where inventories are permitted to be used in determining net income they shall be "upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income." Pursuant to this authority, art. 1582, regs. 45, provided for the valuation of inventories on the basis of "(a) cost or (b) cost or market, whichever is lower." These regulations also provided that "any goods in an inventory which are unsalable at normal prices or unsalable in the normal way because of damage, imperfections, shop wear, changes of style, odd or broken lots, or other similar causes * * * should be valued at bona fide selling prices less cost of selling whether basis (a) or (b)

used. * * * 'Bona fide selling price' means actual offerings of goods during a period ending not later than 30 days after inventory date." Plaintiff manufactured the articles which it sold and therefore the "market" as used in the regulations means reproduction cost of the automobiles on hand at a given inventory date. Bedford Mills, Inc., v. United States, 2 F. Supp. 769, 77 Ct. Cl. 190. The cost of the automobiles in question was less than their reproduction cost at December 31, 1920. Accordingly, the plaintiff, in preparing its return for 1920, used the lower price, namely, cost, in accordance with the regulations. Although plaintiff held the automobiles in question and offered them at a price in excess of their cost of manufacture at December 31, 1920, and until June, 1921, it now seeks to establish a market for these cars on the basis of a price at which they could have been sold at December 31, 1920, its contention being that such market was less than the cost of the cars and that its income should be reduced to the extent of such difference.

Plaintiff has already been given the benefit of the regulations in valuing its inventory at cost or market, whichever was lower, but it now asks that a new kind of "market" be permitted, i. e., a market based on a price at which its product could have been sold. A reasonable exception has been provided in the regulations for the use of a factor other than cost or market under certain conditions. The condition applicable in a case such as the one before us is that where a taxpayer has on hand automobiles of a discontinued model it may value such automobiles at a bona fide offering price made during the period ending not more than thirty days after the inventory date. The record in this case shows that plaintiff not only did not offer the automobiles of the discontinued model at a reduced price within thirty days of the inventory date, but it continued to hold them at the old selling price, which was substantially above cost, until April 15, 1921, three and one-half months after the inventory date. The reduction in price made on April 15, 1921, approximated cost, but it was not until June, 1921, that reduction in selling price was made which resulted in the sale of the automobiles at a price below their cost. In such circumstances the statute and the regulations give no right of recovery. The applicable regulation did not provide a rule of evidence but made a reasonable

exception in favor of those taxpayers, who, due to the causes mentioned, actually offered their goods for sale at bona fide selling prices less than cost within a period of not more than thirty days after the inventory date, even though the market was greater than cost on the inventory date. This exception in the regulation was apparently authorized for the reason that taxpayers generally take their inventories on the last day of the calendar or fiscal year and within the month following for the purpose of determining their financial condition and for the purpose of preparing their income tax returns. It will be readily seen that in thus taking inventories prices may be reduced for the reasons specified in article 1582. If plaintiff had been dealing in a commodity generally manufactured and sold in the open market, there might be justification for the claim that a specified item of inventory should be valued on the basis of the actual market value thereof, notwithstanding the fact that the price at which it offered the article was greater than cost if it should be shown that the real and actual market price thereof was less than cost. But we are not here dealing with such a case. The automobiles in question were manufactured only by plaintiff. They were not articles which could be purchased in the open market, but were unique in the sense that they were solely the plaintiff's manufactured product. The market value of an article contemplates a willing seller and a willing buyer. At the inventory date and for some months thereafter the plaintiff, as a willing seller, held the automobiles at a price substantially in excess of their cost and likewise in excess of the market for which it now contends. Whatever might have been the opinion of the experts in the automobile trade as to the market value of plaintiff's automobiles of the discontinued model, plaintiff itself, which alone had the right to dispose of them, declined to offer them for sale at a price below their cost until June, 1921. Under such circumstances, we find no basis for using, for an inventory basis, a value other than cost at December 31, 1920.

Whatever loss plaintiff sustained upon the sale of the automobiles of the discontinued model during 1921 was a deduction from gross income for that year rather than for 1920.

The petition must be dismissed. It is so ordered.