In the Matter of the Application of THE EBLING COMPANY, Petitioner, against MARK GRAVES and Others, as and Constituting the State Tax Commission, Respondents, for an Order of Certiorari to Review a Determination Made by the Respondents under Section 218 of the Tax Law.

Third Department, May 1, 1940.

*Eugene Cohn*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Wendell P. Brown, Assistant Attorney-General*, of counsel], for the respondents.

SCHENCK, J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission confirming a corporation franchise tax assessed under article 9-A of the Tax Law and measured by petitioner's net income for the calendar year 1930. The dispute arises because petitioner attempted to deduct from its 1930 income for New York State tax purposes receipts of installments upon the price of certain real estate which it had sold prior to 1930. Petitioner had been a real estate corporation and had been taxed under section 182 of the Tax Law, the tax being based upon the net value of petitioner's capital stock. The petitioner reported the full amount of 1930 cash receipts, including installment payments, in its Federal income tax return, but claims the installment receipts need not be included in its income base for State tax purposes.

The petitioner's contention cannot be sustained. The full receipts of 1930 should have been included in the tax base for assessment against the petitioner under article 9-A. The question of the 1930 income of the petitioner corporation should be determined in the same manner in respect to New York State as it was determined in respect to the establishment of a base for Federal income taxation. The argument of petitioner that this amounts to double taxation by the State is without merit. Prior to 1930 the tax was not based upon income, but was based upon valuation of capital stock. The petitioner corporation may have been within its rights in having moneys that would not be received until 1930 reflected in the value of its capital stock. However, it certainly cannot use such basis of computation to exempt itself from paying a tax based upon the income received by the corporation in 1930, the year in which the moneys involved were actually received by it and obviously constituted part of its income for that year.

If the petitioner had been subject to taxation under article 9-A in the year in which it sold the real estate the installments of the price for which were received in 1930 and had included these future payments in its net income during those years, it would not, of course, be compelled to again include the receipts in its 1930 income report. The situation, however, is clearly distinguished where the petitioner paid a franchise tax in the previous years under section 182 of the Tax Law, which is not based upon income.

In *People ex rel. Conway Co.* v. *Lynch* (258 N. Y. 245) it was held that " net income " for tax base purposes is the same as applied to New York State as to the Federal government. In accordance with this more or less obvious rule the inclusion of the disputed installment payments in petitioner's 1930 Federal income tax return precludes the deduction of this amount from its computation of 1930 income for State tax purposes.

The determination of the State Tax Commission should be confirmed, with fifty dollars costs and disbursements.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents, in opinion.

HILL, P. J. (dissenting). Petitioner applied to a Special Term of the Supreme Court, under article 78 of the Civil Practice Act, asking a review of a determination made by the State Tax Commission and a refund. The Special Term has transferred the matter to this court. The facts are admitted. The Special Term should have decided the issue of law raised by the pleadings and accompanying papers (Civ. Prac. Act, §§ 1295, 1296) and the matter could then have been appealed to this court. Proceedings of this character should be transferred to the Appellate Division only when there are issues of fact to be considered. (Civ. Prac. Act, § 1296, subds. 6, 7, *supra*.) However, the same section permits us to dispose of the matter, although it comes before us erroneously.

Petitioner reported to the United States Treasury Department that its entire net income in 1930 for income tax purposes in 1931 was $70,690.47. The State Tax Commission levied an income tax upon that base, augmented by a comparatively small amount, including a penalty on account of the delay in filing the report, relying for its authority upon section 209 of the Tax Law. The part deemed relevant follows: " For the privilege of exercising its franchise in this State . * * * every domestic corporation * * * shall annually pay in advance * * * an annual franchise tax, to be computed by the Tax Commission upon the basis of its entire net income * * * which entire net income is presumably the same as the entire net income which such corporation is required to report to the United States * * *." We are to determine the extent of elasticity which the word " presumably " gives to the above mandate and the amount of petitioner's net income under the Tax Law. (§ 208, subd. 3.)

Petitioner was taxed as a real estate corporation. (Tax Law, § 182, as amd. by Laws of 1922, chap. 408; Laws of 1924, chap. 332) from 1922 to 1930, paying one mill on each dollar of the net value of its capital employed in this State and two per centum of the amounts of dividends declared. In 1930 it elected to be taxed as a business corporation (Tax Law, art. 9-A) at the rate of four and one-half per centum of its net income. The Commission has included $39,190 in the income for 1930, being the aggregate of the final installments of principal and interest of two mortgages which petitioner received in part payment for real estate sold in 1923 and 1926. This entire amount was profit upon the sales and was included

by the Commission in 1923 and 1926 in ascertaining the amount of petitioner's capital. The tax of one mill per dollar was levied over the objection of petitioner in each year thereafter upon the capital augmented by the profit represented by these mortgages. During these years the Commission refused to permit deduction of these mortgages, neither paid nor due, from the value of the capital. Although this profit of $39,190 (part since 1923, the balance since 1926) has been included in capital for tax purposes, the Commission has treated it as income received in 1930, because in that year the capital investment was changed from mortgages to money. The amount was included in the report to the United States Treasury Department for income tax purposes for 1930 under section 212, subdivision (d), of the United States Revenue Act of 1926,* which permits a vendor who sells real property and takes a mortgage as a part of the purchase price under conditions here presented to return as income the profit actually received in money each year.

The tax levied when petitioner was operating as a real estate corporation in and prior to 1929 (§ 182) was an excise imposed for the privilege of doing business in the State of New York, as was that levied thereafter when it was operating as a business corporation (§ 209). Taxing statutes are not required to be just or equitable but only non-discriminatory. However, if the doctrine of equitable estoppel could be applied in this statutory tax levy, the Commission, having used a part of the $39,190 from and including 1923 and the remainder from 1926 as capital upon which the one mill tax was computed (§ 182), would be estopped from reclassifying it and treating it as income when, in 1930, petitioner, as a business corporation, was required to pay a tax of four and one-half per centum on income (§ 209).

Petitioner is required to pay in advance an annual franchise tax for 1931 to be computed by the Commission upon the basis of its entire net income in 1930. " The term ' entire net income ' means total net income from all sources, without deduction * * *." (Tax Law, § 208, subd. 3.) Income is the gain derived from capital, from labor, or from both combined, including profit gained through a sale or conversion of capital assets. (*Eisner* v. *Macomber*, 252 U. S. 189, 207.) It is a gain, a profit, something of exchangeable value proceeding from the property, severed from the capital however invested or employed and coming in — being derived. (*Eisner* v. *Macomber, supra,* 207.) An increase in the value of petitioner's capital stock was effected when the parcels of real estate were sold for an amount greater than that which represented them in the capital account, and that gain was income in

---

* 44 U. S. Stat. at Large, p. 23.— [REP.

the year of the sale. Had it been declared as a dividend, a tax of two per centum would have been levied thereon (§ 182). It was added to the capital that year and the Commission levied a tax upon it as a part of the capital, regarding it as having been already acquired although the mortgages that represented it had not been collected. The United States statute was drawn upon a different theory, the gain or income coming into being only as the deferred payments were made.

In 1917 (Chap. 726, § 209) the State tax was required to be computed upon the same net income upon which the United States tax was based. The opinion in *People ex rel. Standard Oil Co.* v. *Law* (237 N. Y. 142, 147) states: " It was soon seen, however, that no opportunity was given for a hearing to the taxpayer here, before the tax was imposed upon it, and during the next year the law was amended. The tax was still based upon net income, but now such income was only ' presumably the same as the income upon which such corporation is required to pay a tax to the United States.' The taxpayer was to report to the Tax Commission its return as made to the national government but if that return was claimed to be inaccurate it might be heard. So there might be correction for fraud, evasion or error in the return."

Petitioner did not receive the $39,190 as income in the year 1930. The payment of the mortgages was only a change in the form of a portion of its capital which had been received as income either four or seven years previous.

The determination of the Tax Commission that the amount was income for the year 1930 should be annulled and the tax thereon refunded.

Determination confirmed, with fifty dollars costs and disbursements.