In the Matter of PIERCE-ARROW MOTOR CORPORATION et al., Petitioners, against CARROLL E. MEALEY et al., Constituting the State Tax Commission, Respondents.

Third Department, January 9, 1946.

*Hawkins, Delafield & Longfellow,* attorneys (*C. O. Donahue* and *William Braverman* of counsel), for petitioners.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* of counsel), for respondents.

HEFFERNAN, J. The taxpayer, the Pierce-Arrow Motor Car Company, was a New York corporation formed by the merger, on December 6, 1916, of another New York corporation of the same name by Pierce-Arrow Motor Car & Truck Corporation, another New York corporation, incorporated four days earlier. Both the taxpayer and its constituents of the same name were engaged in the business of manufacturing and selling automobiles and motor trucks. Upon the merger, the taxpayer took over the business of the constituent and continued it. The entire business was transacted within the State of New York.

Petitioner, Pierce-Arrow Motor Corporation, was organized under the laws of this State in 1935, and acquired all the property of the taxpayer, including all claims, tax refunds or claims

therefor. Petitioner, 1695 Elmwood Avenue Corporation was organized under the laws of this State in 1938, and acquired all the property of the taxpayer, including all claims, tax refunds or claims therefor.

On July 31, 1917, the taxpayer filed with the State Tax Commission its annual franchise tax report under article 9-A of the Tax Law for the tax year beginning November 1, 1917, in which it reported its net income for the calendar year 1916 to be $4,109,340.15. By an amended report filed November 7, 1917, its net income for that calendar year was reported to be $4,225,496.19. Upon that amended report, an assessment was made against the taxpayer on November 14, 1917, in the amount of $126,764.88.

Thereafter and on December 28, 1917, December 29, 1917, and August 8, 1918, the taxpayer made three separate applications for revision of its assessments, in which it claimed credit against the tax for certain local taxes paid and finally, that the statute was unconstitutional.

After a hearing held before the Tax Commission upon the applications the Commission on November 22, 1918, made its final determination affirming the assessment as originally made, but allowing credits against the tax in the aggregate amount of $23,022.05 on account of local taxes paid, thus reducing the assessment to $103,742.83.

Thereafter and in the year 1919, the taxpayer instituted a certiorari proceeding in the Supreme Court to review the final determination, in which it contested the constitutionality of article 9-A of the Tax Law and demanded further that, if the statute be held valid, additional credits against the tax be given on account of other local taxes on personal property paid by it. Such proceeding resulted in an order of this court dated May 4, 1920, sustaining the constitutionality of said article 9-A, but annulling the determination of the State Tax Commission and remitting the matter to that Commission to give the credits indicated in the court's opinion (*People ex rel. Pierce-Arrow M. C. Co.* v. *Knapp,* 191 App. Div. 255). Thereafter the order of this court was affirmed by the Court of Appeals (229 N. Y. 629) and by the Supreme Court of the United States (260 U. S. 696). Credit was given to the taxpayer in accordance with the decision and a refund of $13,427.67 was made to the taxpayer on November 19, 1920.

Some sixteen years thereafter — on March 7, 1936, petitioner, Pierce-Arrow Motor Corporation reported to the State Tax

Commission a reduction by the United States Bureau of Internal Revenue of the net income of the taxpayer for the calendar year 1916 from $4,225,496 to $4,185,604. This reduction had been made on May 25, 1922.

After the receipt of that notice, the Tax Commission corrected its assessment in accordance with the change in net income by the Federal authorities. This resulted in a further credit on the tax of $1,196.76 which was applied to an added tax of the taxpayer° for a subsequent year, thus reducing the assessment for 1917 to $89,118.40.

In the report of change by the Federal Government of the amount of net income filed with the State Tax Commission March 7, 1936, sixteen years after this court had confirmed, as modified, the final determination of the Tax Commission, the claim was for the first time advanced that the net income reported in the taxpayer's original and amended reports filed in 1917 was incorrect as including the net income of the taxpayer's constituent company of the same name for the portion of the year prior to the merger.

Petitioner Pierce-Arrow Motor Corporation filed an application for revision of such corrected assessment contending that the tax was based in part upon the income of the constituent company which " was not in existence during any part of the taxable year."

Upon the hearing conducted upon such application for revision, petitioners were unable to show separately the amount of income earned by the taxpayer subsequent to the merger and by the constituent prior thereto.

It is to be noted however that when the corporation made its annual report under article 9-A of the Tax Law for the tax year beginning November 1, 1917, it reported the net income for the entire year of 1916 which included that earned both before and after the merger.

We think the assessment against the taxpayer for the year beginning November 1, 1917, was properly based upon the net income of itself and that of its constituent company.

By chapter 292 of the Laws of 1918, section 214-a was added to article 9-A of the Tax Law, requiring a merging corporation to make a consolidated report for all of the corporations involved in the merger and providing that it be taxed on the basis of such consolidated report, and, by chapter 628 of the Laws of 1919, that provision, in amended form, was made retroactive to the original enactment of article 9-A in 1917 (L. 1917, ch. 726).

Petitioners assert that the amendment of 1919 is unconstitutional as applied to the present tax. Retroactive tax legislation is the rule rather than the exception. In our opinion the amendment in question is not invalid. (*People ex rel. Best & Co., Inc., v. Graves,* 265 N. Y. 431; *Milliken* v. *United States,* 283 U. S. 15; *Welch* v. *Henry,* 305 U. S. 134; *Phillips* v. *Dime Trust & S. D. Co.,* 284 U. S. 160.)

As to the tax for the year beginning November 1, 1920, the taxpayer's report filed June 30, 1920, disclosed a net income for the calendar year 1919 of $3,080,869.93, in addition to which it received dividends on stock amounting to $10,200, making a total of $3,091,069.93, upon which a tax in the amount of $139,098.15 was assessed.

On March 7, 1936, petitioner Pierce-Arrow Motor Corporation reported to the State Tax Commission a reduction by the United States Treasury Department of the net income of the taxpayer for the calendar year 1919 from $3,080,870 to $2,954,833. Thereafter the Tax Commission corrected its assessment in accordance with such change in net income. This resulted in a reduction of the tax to $133,426.49, and the difference of $5,671.66 was credited to an added tax of the taxpayer for another year.

Petitioner applied for revision of that corrected assessment on May 21, 1936, and then for the first time contended that certain deductions from net income which had not been allowed by the United States Treasury Department should be allowed in the computation of the State tax. Two of these items of claimed deductions were abandoned at the hearing, leaving only a claimed deduction of $68,386 for loss on inventory.

At the hearing it developed that the claimed loss on inventory was of certain steel used in the manufacture of tools required in the production of automobiles and, under the Federal regulations, was not a proper inventory item, but was to be treated as a supply.

As to the tax year beginning November 1, 1921, the taxpayer's report filed on June 23d of that year showed net income for the calendar year 1920 of $1,911,921.86 upon which a tax in the amount of $86,036.49 was assessed.

On March 7, 1936 petitioner Pierce-Arrow Motor Corporation reported to the State Tax Commission a reduction by the United States Treasury Department of the net income of the taxpayer for the calendar year 1920 from $1,911,922 to $1,404,946. Thereafter the State Tax Commission corrected its assessment in accordance with such change. This resulted in a reduction of

the tax to $63,222.57, and the difference of $22,813.92 was credited to an added tax for another year.

Petitioner in its application filed May 21, 1936, for revision of this corrected assessment was less modest. It asked that five items of claimed deductions aggregating $1,037,238, which had not been allowed by the United States Treasury Department, be allowed in the computation of the State tax. On the hearing petitioner confessed error in respect to one of the items leaving four for consideration.

All of the items of claimed deductions had to do with losses of the taxpayer in connection with the introduction, late in the year 1920 of a new model automobile which proved to be defective and the discontinuance of manufacture of the old model. Here, again, the evidence was far from clear and petitioner's witness Ewald confessed that he was unable to furnish certain information requested by the Hearing Commissioner and which was essential to a correct understanding of the situation. What does clearly appear is the fact that the Federal authorities allowed a half-million dollars on account of such losses which served to reduce the amount of net income for that year by that amount. It also clearly appears that the additional losses, if any, were anticipated or contingent losses which were not established in that year and that they were for that reason disallowed by the Federal authorities as deductions for that year. The witness was unable to say whether or not they were allowed in a subsequent year but he did say that they were " taken out on the books in 1921 ", which was a subsequent year, and were taken out in the original report of net income for 1921.

The Federal determinations of the taxpayer's net income for the calendar years 1919 and 1920 upon which the State taxes for the tax years beginning November 1, 1920 and November 1, 1921, were based, have not been shown to be erroneous and the net income, as so determined, was properly used as the base for the recomputation of the State taxes for those years. The Federal law and rules and regulations determine the amount of entire net income for State tax purposes, except and to the extent that they have been changed by express provision of the State statute, and the Federal determination, unless and until shown to be erroneous, furnishes the base for the computation of the State tax. The rule on this subject was clearly stated in *People ex rel. Conway Co.* v. *Lynch* (258 N. Y. 245).

The question was again considered by this court and by the Court of Appeals in *Matter of Ebling Co.* v. *Graves* (259 App. Div. 427, affd. 284 N. Y. 689).

The Federal determinations have not been shown to be erroneous; in fact they have been sustained by the United States Court of Claims in well-considered opinions, from which the taxpayer took no appeal.

The facts in relation to these claimed deductions and the applicable Federal regulations are fully set forth in two opinions of the United States Court of Claims — *Pierce-Arrow Motor Car Co.* v. *United States* (9 F. Supp. 577) and *Pierce-Arrow Motor Car Co.* v. *United States* (11 F. Supp. 60). These two cases hold that the deductions claimed were not proper deductions in the years in which they were claimed. Petitioners have not appealed from these decisions.

In each of the three instances in which the petitioners claim to be aggrieved we think the Commission made correct decisions and its final determination should be confirmed, with $50 costs and disbursements against petitioners.

HILL, P. J. (concurring). Petitioner, the Pierce-Arrow Motor Car Company, was incorporated and there was a merger with the Pierce-Arrow Motor Car & Truck Corporation in December, 1916. Petitioner, 1695 Elmwood Avenue Corporation, was organized in 1938 and has acquired the assets of the Motor Car Company, including tax refund claims. The Motor Car Company was incorporated in about the year 1935 under the name which appears in the title. In this review under the Tax Law, a right to refunds against the State is urged as to three items.

Petitioners ask a refund of $89,118.40 in connection with the tax for 1917 which was based on the net income for the year 1916 computed at more than four million dollars. It included the earned income of petitioner after its incorporation on December 6, 1916, and the earned income of the company with which it was merged which had been in business during the entire year. The taxpayer's income for December was $285,902.29, and it asserts that a tax of 3% computed thereon is all that can be demanded. Chapter 292 of the Laws of 1918 added a section to article 9-A of the Tax Law (§ 214-a) providing that a corporation with which another had been merged was required to report the income of both, and chapter 628 of the Laws of 1919 purported to make retroactive the tax imposed in 1917 under article 9-A. Petitioners challenge the constitutionality of the 1919 amendment and assert that a tax may not be levied under a retroactive statute. Authorities cited seem to sustain the levy.

Petitioner Motor Car Company in 1919 set up on its books $126,142 as an inventory loss in the market value of certain tool steel. The Commissioner of Internal Revenue disallowed $68,386 of the claimed loss. The State, following the Federal taxing authority, made a like deduction. Petitioners seek a refund of the 4½% tax paid on that amount, or the sum of $3,077.37. The Tax Commission decided that the Federal determination was not shown to be erroneous and that under *People ex rel. Conway Co.* v. *Lynch* (258 N. Y. 245) the State was permitted to figure gross income in the manner authorized by the United States statutes, rules and regulations.

In connection with the 1921 tax, petitioners assert that $983,151 should be deducted from the net income, and that 4½% thereon, or $44,241.79 should be refunded. It is unquestioned that the Motor Car Company suffered heavy losses in 1919 and 1920 in connection with the introduction of a new model. The loss is made up of four items; $747,868, being one half of the amount which it claims it expended and lost. This amount appeared on the books of the company as the loss in 1920 and would be reflected in the 1921 tax. This item was not allowed by the Government. There was also a claimed loss on inventory of $135,283, partly a reserve set up to take care of refunds on account of defective engines in the new model and the loss incurred during November and December, 1920; a reserve of $50,000 to cover losses in connection with the return of automobiles which had already been sold, and a like amount, being $500 a car on one hundred cars still in stock. These items were the subject of litigation in the Federal courts, and were disallowed as deductions allowable in connection with the 1921 tax. The State follows the Federal rules, regulations, statutes and decisions.

The determination of the Tax Commission should be confirmed.

BREWSTER, FOSTER and LAWRENCE, JJ., concur with HEFFERNAN, J.; HILL, P. J., concurs in a separate opinion.

Determination confirmed, with $50 costs and disbursements against petitioners. [See *post,* p. 867.]