The facts are stated in the opinion by RICHARDS, P. J., specially presiding, of the court below, as follows: *Page 334 
This is an appeal by the defendant from the settlement of its corporate net income tax for the calendar year 1940, in the amount of $20,192.37. The case was submitted to the court for trial without a jury, pursuant to the Act of 1874, P. L. 109. At the hearing, testimony was received which included an agreed stipulation of facts. The case was subsequently argued and is now ripe for decision.
 The Facts
There is no dispute as to the facts, but we shall briefly state the more pertinent features thereof.
Prior to June 30, 1938, Electrolux, Inc., a New York Corporation, manufactured and sold in Pennsylvania and elsewhere, electric cleaners and accessories, all of its stock being owned by the defendant, Electrolux Corporation, as a holding company. On said date, by merger, the defendant acquired all the property, rights and obligations of said subsidiary and continued the business which it had theretofore conducted. For all practical purposes connected with this case, we may consider the two corporations as but one.
Until December 31, 1939, the books of the company were kept upon an installment basis. Its income tax returns to both the State and Federal governments included annually a portion only of the anticipated profit on installment sales. The part returned as income in any taxable year was "that proportion of the installment payments actually received in that year which the gross profit realized, or to be realized when payment is completed, bears to the total contract price." Internal Revenue Code, Chapter 1, Section 44.
Prior to Jan. 1, 1940, the defendant sought and obtained permission to change its accounting method from an installment to an accrual basis. The Federal government, in consenting to the change, imposed, inter alia, a condition, to wit: that in 1940, in addition to the accrued income under the new accounting method, there *Page 335 
should be returned "all profit not theretofore returned as income pertaining to the payments due on installment sales contracts as of December 31, 1939." The defendant irrevocably agreed to this condition. The basis for the condition is found in Internal Revenue Code, Section 41, and Regulation 103, Section 19.41-2 (now 29.41-2).
The Federal return for 1940, filed in accordance with the consent and condition, contained accrued income for that year, and $3,753,484.39 of unrealized profits as of Dec. 31, 1939. Upon this return the Federal government ascertained the taxable net income of appellant for 1940 to be $5,839,492.80.
The State officials found $4,437,064.53 thereof to be the amount of income to be allocated under the Pennsylvania Act. This figure represented accrued income for 1940 in the amount of $2,084,758.41, plus the aforesaid item of $3,753,484.39, of unrealized profits, less Federal taxes. The State tax was accordingly settled in the amount of $20,192.37.
The unrealized profits of Electrolux, Inc., as of Dec. 31, 1934, just prior to the effective date of the Pennsylvania Corporate Net Income Tax Act, was $2,836,842.61, which had not been returned as income to the Federal government. No part of this is included in the $3,753,484.39 figure mentioned above, since this latter amount represented unrealized profits on sales made after Jan. 1, 1935, which had not been returned as income to either the State or Federal governments. See Stip., paragraph 17 and Exhibit C.
 The Issues
The appellant contends that the item of $3,753,484.39 should have been excluded by the State taxing authorities in determining the income to be allocated under the Pennsylvania Act. The Commonwealth contends that it should not be excluded since it was included in the *Page 336 
net income as returned to and ascertained by the Federal government.
 Discussion
The tax here involved was imposed under the provisions of the Corporate Net Income Tax Act of 1935, P. L. 208, as reënacted and amended by the Act of 1939, P. L. 64; 72 PS 3420. The Act contains a statutory definition of net income. When the entire business of the corporation is transacted within this Commonwealth the net income is that returned to andascertained by the Federal Government; 72 PS 3420b, Net Income 1. (Italics ours). When the entire business of the corporation is not conducted within this Commonwealth, the tax imposed by the Act "shall be based upon such portion of the net income . . . as defined in clause one hereof, as may be determined by allocations and apportionments" made as prescribed; 72 PS 3420b, Net Income 2. Both clauses allow certain deductions not here in issue.
Section 3 of the Act, 72 PS 3420c, imposes the tax on each dollar of net income ". . . received by, and accruing to, such corporation" during the tax year.
The tax here involved is not a tax on income, but an excise tax for the privilege of doing business in the Commonwealth, measured by net income as returned to and ascertained by the Federal government, subject to certain statutory adjustments and constitutional limitations. The appellant contends that the unrealized profits aforesaid are not net income under either the State or Federal law. As we understand counsel, this contention is based upon the theory that the unrealized profits were not income in the tax year involved, but had accrued in prior years, and that they were included in the Federal return as additional income only because the Federal government made such a requirement as a condition precedent to the change in accounting methods.
As we view the matter, it was necessary to consider the unrealized profits as income for the year 1940 in *Page 337 
order to place the books of the company and its tax return on an accrual basis. There is a difference between an accrual in fact, and an accrual accounting system. Undoubtedly the unrealized profits accrued in fact when the respective sales were made. But under the installment accounting system the profits were prorated as above outlined. No tax had been imposed on the unrealized profits under the installment accounting system and the corresponding method of reporting income. When it was decided to change the method to an accrual basis, all transactions after Jan. 1, 1940, were so entered on the books of the company. Including the unrealized profits simply reflected on the books and in the Federal return the change in the method of accounting, by treating the unrealized profits as accrued income. Since this is what the appellant wanted to do, and what it had irrevocably agreed to do, we see no cause of complaint. The change in method did not increase the State tax liability of the appellant, it merely accelerated the date of payment.
Counsel seems to attach considerable importance to the fact that the unrealized profits were required to be returned as additional income. He construes this to be something in addition to income. We deem it to be income which must be put on the accrual basis, in addition to the income which accrued after the beginning of the year. Were this not done, the unrealized profits might escape the tax entirely. Furthermore, accepting the appellant's contention would mean that part of its accounts were on the accrual basis, and part on the installment basis.
We must not forget that the tax liability for a given year varies somewhat, depending upon the method of accounting. We have reports for a calendar year and for a fiscal year. We have accounting upon the cash basis, accrual basis or installment basis. In each case the taxpayer's own act determines either the tax period or, *Page 338 
to some extent, the tax liability. When the tax period or the accounting method is changed, a transition period occurs, during which a temporary abnormal tax situation exists. But this is a non-recurring situation. In the present case, the appellant agreed irrevocably to make the return here involved and voluntarily paid the Federal tax. He now seeks to escape the consequence thereof so far as the State Act is concerned. We see no reason, in justice or equity, why the unrealized profits should not be treated as accrued income under the circumstances here existing. The appellant made the change voluntarily, evidently because of some advantage inuring to it, and should not now be heard to complain. The same comment applies with equal force to the unrealized profits as of Jan. 1, 1935. Any presumed disadvantage which this taxpayer now experiences is the result of its own voluntary act.
Nothwithstanding the able argument of counsel as to the nature of the unrealized profits, Exhibits "D" and "E" of the Agreed Statement of Facts show that they were included in the net income returned to the Federal Government. However, that Government ascertained the net income to be greater than that returned. These exhibits also show that the ascertained net income and the taxable net income are in the same amount.
We cannot, therefore, escape the conclusion that the unrealized profits as of Dec. 31, 1939, were properly considered as accrued income for the year 1940, and that the net income returned to and ascertained by the Federal government in the amount of $5,839,492.80 was correct. Since this figure was accepted by the State, and a deduction allowed for Federal taxes in the amount of $1,401,178.27, the income to be allocated was properly found to be $4,437,064.53. This is the basis upon which the disputed tax was computed.
The decisions of this court, and of the Supreme Court substantiate the conclusion reached. *Page 339 
In Com. v. Warner Bros. Theatres, Inc., 51 Dauphin County Reports 310, an attack was made upon the net income returned to and ascertained by the Federal government. It was asserted that in computing the tax losses should be allowed by the State in excess of the losses allowed by the Federal government. We there said (p. 312): "The only question is the meaning of 'ascertained by the Federal Government.' We think it can have only one meaning, namely, ascertaining the amount of net income subject to Federal tax. This is the only thing in which the Federal Government is interested. It is the only thing it ascertains. It is not concerned with purely academic questions. The Federal Government having ascertained the net income subject to Federal Tax, the State makes such net income taxable for State purposes, subject to the additional deductions allowed by our Act."
The Supreme Court affirmed our decision in 345 Pa. 270, stating (p. 271): "At the outset, it is to be observed that we are not considering an income tax, but an excise tax for the privilege of doing business in the Commonwealth, based upon net income as returned to and ascertained by the Federal Government. When this situation is borne in mind, the doubts as to the legality of the tax suggested by appellant disappear. Net income as ascertained is the base upon which the tax is measured, not the tax itself. How it was fixed by the Federal authorities is of no concern to the taxing officers of the Commonwealth nor to its statute. The rate of the income tax may vary, or the method of its computation, but as a base, it is unvarying."
Com. v. Electric Storage Battery Co., 51 Dauphin County Reports 90, involved a refund of taxes and interest on the refund. The Federal government included both in the ascertained net income of the year 1935, when the payments were received. Judge HARGEST, speaking for this court, held that the State properly *Page 340 
refused to exclude both items from the tax base in computing the State tax.
In another case dealing with the statutory definition of net income, Judge HARGEST made the following statement: "In our opinion the statutory definition must control, unless by such a construction the Act is rendered unconstitutional, because there is always the presumption 'that the legislature does not intend to violate the Constitution of the United States or of this Commonwealth' (Sec. 52, Statutory Construction Act of 1937, P. L. 1019)." Com. v. Central Tube Co., 53 Dauphin County Reports, 67, 70, 71.
This court has recognized that at times a rigid application of the statutory definition of net income may bring about an unlawful or unconstitutional result. Such was the case ofCom. v. Curtis Publishing Co., No. 113 Commonwealth Docket, 1946, handed down on Oct. 10, 1947, and reported in 64 District and County Reports, 135. In this case it was held that a discrimination was brought about by including interest on United States securities in the tax base while excluding interest on State and Municipal securities. This case is now on appeal to the Supreme Court. However, the case we are now considering raises no constitutional questions that have not been heretofore raised and decided adversely to the contention of the appellant. Hence, we do not deem it necessary to discuss them.
It is our opinion, therefore, that the unrealized profits were properly included in the tax base. The income allocated to Pennsylvania and the tax computed thereon were correct. Accordingly we make the following
 Conclusions of Law
1. The unrealized profits of the appellant as of Dec. 21, 1939, were included in the net income as returned to and ascertained by the Federal government for the year 1940. *Page 341 
2. Including said profits was necessary to effect the accrual method of accounting.
3. The net income as returned to and ascertained by the Federal government, in the amount of $5,839,492.80, subject to the adjustments allowed by the State Act, became the basis of determining the amount of income which should be allocated.
4. The State taxing officers properly found that the net income to be allocated was $4,437,064.53, and that $288,462.44 thereof should be allocated to Pennsylvania.
5. The tax in question was correctly settled in the amount of $20,192.37.
6. The amount of tax admitted to be due was $7,214.75.
7. The amount of tax in controversy was $12,977.62.
8. The liability of the defendant is computed as follows:
 Tax due (all of which, including interest, has been paid) .................. $20,192.37
 Attorney General's commission: 5% on $10,000 ................... $500.00 2% on $2,977.62 ................. $ 59.55 Total ........................... $ 559.55 ----------- Total ....................... $20,751.92
9. The appeal must be dismissed and judgment entered for this amount.
Defendant appealed.
The judgment of the court below is affirmed on the opinion of President Judge KARL E. RICHARDS. *Page 342