DERY ET AL., APPELLANTS, *v.* LINDLEY, TAX COMMR., APPELLEE.

[Cite as Dery v. Lindley (1979), 57 Ohio St. 2d 5.]

(No. 78-693—Decided February 7, 1979.)

Messrs. *Guren, Merritt, Sogg & Cohen* and *Mr. Robert L. Merritt*, for appellants.

*Mr. William J. Brown*, attorney general, and *Mr. John C. Duffy, Jr.*, for appellee.

*Per Curiam.* The primary issue for consideration in this cause is whether the Ohio personal income tax levied in R. C. 5747 *et seq.*, which took effect January 1, 1972, was applied retroactively in this instance so as to violate Section 28 of Article II of the Constitution of Ohio and the Due Process Clause of the Fourteenth Amendment.

R. C. 5747.02 provides that the state personal income tax shall be measured by "adjusted gross income * * *." R. C. 5747.01 states: "As used in Chapter 5747 of the Revised Code: (A) 'Adjusted gross income' means adjusted gross income as that term is defined and used in the Internal Revenue Code * * *." By electing to use the Section 453 method of reporting income, appellants were required to include the installment payments they received in 1972 in their federal adjusted gross income for that year. By the application of R. C. 5747.01 and 5747.02 these same installment payments were thus also included in the appellants' state income tax base for 1972.

Appellants argue that since these payments were actu-

ally proceeds from the sale of property in 1969 (when there was no state income tax), the taxation of these proceeds by the state in 1972 was, in effect, a tax upon the gain from such prior sale. They contend further that this gain was fully realized in 1969, so that imposition of a tax upon the gain at a later date amounts to a retroactive application of the Ohio personal income tax law. In support of this contention, appellants cite from our opinion in *Chope* v. *Collins* (1976), 48 Ohio St. 2d 297, 302, as follows: "The event triggering operation of the taxing power is realization of gain * * *." However, their reliance on this comment is misplaced. In *Chope* the taxpayer argued that, by using the acquisition date basis of property purchased prior to the effective date of R. C. Chapter 5747 to determine gain from the sale of the property subsequent to the effective date of R. C. Chapter 5747, the state was retroactively taxing appreciation of the asset which accrued before the state income tax went into effect. The comment in *Chope* to which appellants refer was simply an expression of our view that there can be no income subject to taxation until a taxable transaction, such as realization of gain, occurs. The precise basis for decision in *Chope* was that the realized gain was a part of the "adjusted gross income" for federal tax purposes for that particular year. As such, it was subject to the tax levied by R. C. 5747.02, which is measured by "adjusted gross income." *Chope*, at page 300.

Here, by appellants' election to use Section 453, most of the realized gain from the 1969 sale was not included in their federal adjusted gross income for that year. However, the receipt of the installment payments in 1972 was a part of appellants' adjusted gross income for federal tax purposes in 1972. The receipt is thus the taxable event upon which R. C. Chapter 5747 levied a tax. As was stated in *Katzenberg* v. *Comptroller* (1971), 263 Md. 189, 282 A. 2d 465, 472, where the identical issue of retroactivity was presented: "The Act is not directed at payments received from installment sales before the date of its enactment. Neither does it purport to be a tax on capital gains as such or a tax on installment payments as such. It is rather a tax meas-

ured by the yardstick of income reported for federal tax purposes, whether capital gains be reflected in this figure or not."

We conclude, as did the court in *Katzenberg*, that, by specifying "adjusted gross income" as the tax base, the General Assembly intended to adopt an objective "yardstick" approach to measurement of Ohio income for taxing purposes. In this way the General Assembly "sought to foreclose the necessity for determination of the 'source, nature or composition of the funds.'" *Tiedemann* v. *Johnson* (Me. 1974), 316 A. 2d 359, 364, citing *Katzenberg, supra,* at page 473. The vast majority of courts in other states that have considered similar issues have reached the same conclusion, *i. e.,* that by adopting the federal income tax standard for their own taxing purposes, their legislatures attempted to greatly simplify their taxing schemes, so that inclusion of an item of income in the federal "yardstick" would automatically require its inclusion in the state tax base as well.[1] After reaching this conclusion, the courts quickly dismissed arguments based on retroactivity.

Appellants' contention that Section 453 does not postpone realization of gain, and that, in the federal context, realization in turn determines when a taxable event occurs is unavailing. As was stated by the court in *Tiedemann, supra,* at page 365, in responding to the same argument: "[W]hatever meaning 'realization' may have in the federal context, the word was not employed in the Main [Income Tax] Act, and appellants' incantation of it does not amend the Legislature's clearly expressed intention to utilize federal adjusted gross income as the trigger for state taxation." The same holds true in the instant cause.

---

[1]See, *e. g., Katzenberg* v. *Comptroller* (1971), 263 Md. 189, 282 A. 2d 465; *Tiedemann* v. *Johnson* (Me. 1974), 316 A. 2d 359; *Marco Assoc.* v. *Comptroller* (1972), 265 Md. 669, 291 A. 2d 489; *Estate of Kennett* v. *State* (N. H. 1975), 333 A. 2d 452; *Altsuler* v. *Peters* (1973), 190 Neb. 113, 206 N. W. 2d 570; *Commonwealth* v. *Electrolux Corp.* (1949), 362 Pa. 333, 67 A. 2d 105; and *Matter of Ebling Co.* v. *Graves* (1940), 259 App. Div. 427, 20 N. Y. S. 2d 123. Contra *Thorpe* v. *Mahin* (1969), 43 Ill. 2d 36, 250 N. E. 2d 633.

Similarly, appellants' proposition that they had a right to justifiably rely on the state of the law in Ohio at the time of the 1969 sale fails to withstand analysis. By electing to use the Section 453 method of deferring inclusion of gain from the 1969 sale in their federal adjusted gross income until actual receipt of the installments, appellants took a risk that the state tax revenue laws might be changed in the interim. See *Snell* v. *Commr.* (C. A. 5, 1938), 97 F. 2d 891, 893; *Picchione* v. *Commr.* (C. A. 5, 1971), 440 F. 2d 170, 172. Having taken this risk, the taxpayers should not later be heard to complain that, at the time of receipt, the payments are taxed under the law then in effect.[a]

Since we conclude that the state income tax was levied upon the receipt of installment payments in 1972, constituting, as they did, a portion of appellants' adjusted gross income for that year, there was no retroactive application given to R. C. Chapter 5747 in this cause. Thus there was no violation of either Section 28 of Article II of the Ohio Constitution or the Due Process Clause of the Fourteenth Amendment.

The decision of the Board of Tax Appeals is therefore affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and WHITESIDE, JJ., concur.

HOLMES, J., not participating.

WHITESIDE, J., of the Tenth Appellate District, sitting for LOCHER, J.

---

[a]See *Andrews* v. *Franchise Tax Board* (1969), 275 Cal. App. 2d 653, 80 Cal. Rptr. 403, 407, where, in responding to the same contention, the court stated: "What few precedents there are in the prolific field of federal tax litigation have consistently held that, when proceeds of an installment sale are received by the taxpayer in a year during which a different revenue law is in effect than was in force the year of the sale, the law existing at the time of such receipt determines * *. *."