413 A.2d 1017

**COMMONWEALTH of Pennsylvania**

v.

**AFTER SIX, INC., Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 11, 1979.

Decided March 20, 1980.

Reargument Denied May 9, 1980.

70

72

William P. Thorn, Alan J. Davis, Philadelphia Co., for appellant.

Vincent J. Dopko, Deputy Atty. Gen., Dauphin Co., for appellee.

74

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal is from an order of the Commonwealth Court which set the capital stock tax liability of appellant, After Six, Inc., a domestic corporation, for the fiscal year ending June 30, 1972, at $87,342.

Because of the complexity of the issues involved, a preliminary discussion of both the statutory and case law relating to the capital stock tax is necessary. Under the Tax Reform Code of 1971,[1] both a corporation incorporated under the laws of this Commonwealth (domestic corporation) and a corporation elsewhere (foreign corporation) doing business in Pennsylvania are subject to an annual tax based on the value of the corporation's capital stock. In the case of a domestic corporation, the tax is called a capital stock tax [2] and is justified on the basic constitutional premise that a corporation's *property* may be taxed in the state of its creation. A foreign corporation, on the other hand, pays a franchise tax.[3] As a state cannot constitutionally tax property and assets located outside the state, the franchise tax is a *business privilege tax* and not a property tax. *Commonwealth v. Columbia Gas & Electric*, 336 Pa. 209, 8 A.2d 404 (1939).

In calculating either the capital stock tax or the franchise tax, the reporting corporation must first calculate the "actual value" of its capital stock. The Tax Reform Code allows the following criteria be considered: the average selling price for the stock during the year; corporate earnings;

---

1. Act of March 4, 1971, P.L. 6, §§ 101, et seq., *as amended*, 72 P.S. §§ 7101, et seq. (Supp.1979–80).

2. Tax Reform Code, *supra*, art. VI, § 602(a), 72 P.S. § 7602(a) (Supp.1979–80).

3. Tax Reform Code, *supra*, art. VI, § 602(b), 72 P.S. § 7602(b) (Supp.1979–80).

dividends paid by the corporation; and corporate net assets. 72 P.S. § 7601.[4]

In the case of domestic corporations, the Tax Reform Code provides: "That every domestic corporation . . . shall be subject to . . . a tax at a rate of ten mills, upon each dollar of the actual value of its whole capital stock of all kinds . . . ." 72 P.S. § 7602(a). There are, however, certain assets which are exempted from the capital stock tax.[5] Since a state cannot constitutionally levy a property tax on tangible property located outside the state, such property must be excluded from the capital stock tax. *Delaware, Lackawanna & Western Railroad Co. v. Pennsylvania*, 198 U.S. 341, 25 S.Ct. 669, 49 L.Ed. 1077 (1905).[6] A domestic corporation may also exclude from its capital stock tax the value of the shares of its domestic subsidiaries because the subsidiaries have already paid their own capital stock tax. While the Legislature may impose double taxation, no such intention appeared in the Capital Stock Tax Law of 1889. *Commonwealth v. Fall Brook Coal Co.*, 156 Pa. 488, 26 A. 1071 (1893). A domestic corporation may exclude the value of shares of stock in a corporation if the domestic corporation owns a majority of the issued and outstanding voting stock of the subsidiary corporation insofar as the stock of the subsidiary represents property and assets located outside the Commonwealth. Act of April 20, 1927, P.L. 311, § 1, as amended, Act of June 22, 1931, P.L. 687, § 1, 72 P.S. § 1894.[7]

4. For a helpful discussion on how these factors are used in affixing an actual value, see Grey, Habermehl & Graichen, Pennsylvania Taxation of Corporations, §§ 2–8.1—2–9.3 (12th Ed. 1973).

5. For excludible assets not listed in this opinion, see *Grey, et al.* Pennsylvania Taxation of Corporation, §§ 2–13.23—2–13.77.

6. This case dealt with the original Capital Stock Tax Law. Act of June 1, 1889, P.L. 420, § 21, 72 P.S. §§ 1871, 1891, 1892, repealed by Tax Reform Code of 1971.

7. This enactment was a legislative response to *Commonwealth v. Sunbury Converting Works*, 286 Pa. 545, 134 A. 438 (1926), where the court held that a domestic corporation was not entitled to exclude the value of the capital stock of its foreign subsidiaries.

Once a domestic corporation has valued its capital stock and then has determined what exempt assets it owns, it may then calculate its tax due as follows:

$$\frac{\text{taxable assets (total assets--exempt assets)}[8]}{\text{total assets}} \times \text{actual value} \times \text{ten mills} = \text{tax due}$$

As previously mentioned, foreign corporations pay a franchise tax which is designed to measure business activity in the Commonwealth. After determining the actual value of its capital stock, the foreign corporation must arrive at taxable value, 72 P.S. § 7602(b), by applying an apportionment factor to the actual value of its capital stock. The apportionment factor is arrived at as follows:

$$\frac{\text{tangible property in Pennsylvania}}{\text{total tangible property}} = \%(1)$$

$$\frac{\text{wages, salaries, etc. assignable in Pennsylvania}}{\text{total wages, salaries, etc.}} \quad \%(2)$$

$$\frac{\text{sales assignable in Pennsylvania}}{\text{total sales}} \quad \%(3)$$

$$\frac{\%(1) + \%(2) + \%(3)}{3} = \text{apportionment factor}[9]$$

$$\text{actual value} \times \text{apportionment factor} \times 10 \text{ mills} = \text{tax due}$$

In the franchise tax area, there are no statutorily exempt assets. In fact, the value of a domestic subsidiary must be included in the valuation of foreign parent corporation's capital stock; since the foreign corporation is paying a franchise tax and the domestic subsidiary has paid a capital stock tax, there is no double taxation because two distinct taxes are involved. *Commonwealth v. Monessen Amusement Co.*, 352 Pa. 120, 42 A.2d 158 (1945). As a result of

8. This apportionment factor is authorized by the Act of June 22, 1931, P.L. 685, No. 250, § 1, 72 P.S. § 1896.

9. Tax Reform Code of 1971, 72 P.S. § 7401(3)2(a)(9)–(18).

litigation, foreign corporations involved in distinct business activities may exclude from the valuation of its capital stock those portions of the business which are conducted entirely outside of Pennsylvania and are *entirely unrelated* to the business conducted in this Commonwealth. *Commonwealth v. Columbia Gas & Electric Corporation*, 336 Pa. 209, 8 A.2d 404 (1939); *Commonwealth v. Mundy Corporation*, 346 Pa. 482, 30 A.2d 878 (1943); *Commonwealth v. Kirby Estates*, 432 Pa. 103, 246 A.2d 120 (1968); and *Commonwealth v. Carheart Corp.*, 450 Pa. 192, 299 A.2d 628 (1973).

In 1967, the Legislature amended the taxing statutes, giving domestic corporations the option to compute capital stock tax by using the franchise tax formula. As reenacted by the Tax Reform Code of 1971, that amendment provides:

" . . . any domestic corporation . . . subject to the tax prescribed herein may elect to compute and pay its tax under and in accordance with the provisions of subsection (b) of this section 602." 72 P.S. § 7602(a) (Supp.1979–80).

The amendment was originally enacted for the benefit of domestic corporations which had most of their assets in Pennsylvania and yet conducted a significant portion of their business out of state. Before the 1967 amendment, a domestic corporation thus situated would have paid a tax significantly higher than an identical corporation doing an identical business whose only difference was that it was incorporated out of state. The amendment was thus a Legislative grant allowing a taxpayer to reduce its tax liability.

Appellant is a domestic corporation engaged in the manufacture of men's formal clothing. Appellant owns all of the outstanding capital stock of eleven subsidiaries, six of which are domestic corporations. The remaining five corporations are foreign subsidiaries with all of their assets located outside of Pennsylvania.

In computing its capital stock tax for the fiscal year ending June 30, 1972, appellant elected to use the franchise

tax formula. Appellant reported the actual value of its capital stock at $12,300,000. Appellant then deducted $8,700,000, the claimed actual value of the capital stock of its eleven subsidiaries, leaving a balance of $3,600,000, to which it applied an apportionment factor of .784401 obtained by using the three factor apportionment method. Multiplying $3,600,000 by .784401, appellant arrived at a taxable value for its capital stock of $2,823,844, which multiplied by ten mills (1%) produced a capital stock tax liability of $28,238.44.

The Departments of Revenue and the Auditor General resettled appellant's tax at $78,525.80 after rejecting appellant's initial report. Appellant's capital stock was reappraised at $10,000,000. The departments, however, refused to allow any exemptions for the value of the capital stock of appellant's subsidiaries. The apportionment factor was also changed to .785258, which when multiplied by the $10,000,-000 actual value produced a taxable value of $7,852,580, which when multiplied by 10 mills produced a capital stock tax liability of $78,525.80. Appellant filed a petition for resettlement. Following an audit of appellant's records, the Departments of Revenue and Auditor General made a significant change in the apportionment factor to .873420, thus resettling appellant's tax liability at $87,342.

Following this determination, appellant filed a petition for review to the Board of Finance and Revenue. The Board, for some unexplained reason, calculated appellant's tax liability by using the single fraction apportionment factor authorized by 72 P.S. § 1896. Appellant's total assets were $35,388,797. Its exempt assets were: (1) tangible property outside Pennsylvania ($218,389), (2) capital stock value of Pennsylvania subsidiaries ($4,030,000); and (3) capital stock value of foreign subsidiaries ($4,384,700), totaling $8,633,089. Thus:

$$\frac{\$35,388,797-8,633,089}{35,388,797} \times \$10,000,000 = \$7,560,502$$

Multiplying this taxable value by ten mills, the Board calculated appellant's tax liability at $75,605.02. Both appellant and the Commonwealth challenged this computation.[10]

An appeal from the Board's decision was filed by appellant in June, 1974 to the Commonwealth Court. In August, 1977, both appellant and the Commonwealth filed a stipulation of facts and agreed to try the case without a jury. Commonwealth Court held first that the Board of Finance and Revenue had erred in applying the single fraction apportionment in light of appellant's decision to compute its capital stock tax by using the franchise tax formula. Further, the court held that by electing to use the franchise tax formula, appellant was not entitled to exclude the value of either its domestic or foreign subsidiaries. The court then entered the following order:

"AND NOW, this 3rd day of February, 1978, the petition for review of After Six, Inc. from the decision of the Board of Finance and Revenue in making resettlement of After Six, Inc.'s capital stock tax for the fiscal year ending June 30, 1972 is dismissed. The Commonwealth's challenge of the same decision is upheld. Unless exceptions hereto are filed within THIRTY (30) DAYS of the filing of this Order, as provided by law, judgment is hereby directed to be entered in favor of the Commonwealth in the amount of $87,342.00 with interest at the statutory rate of Six percent (6%) per annum from the date said capital stock tax was originally due." *Commonwealth v. After Six, Inc.*, 33 Pa.Cmwlth. 472, 485, 382 A.2d 983, 989 (1976).

10. The Commonwealth's challenge to the Board's action was made pursuant to § 1104(e) of The Fiscal Code, Act of April 9, 1929, P.L. 343, as amended, 72 P.S. § 1104(e), which states:

"(e) The Commonwealth must raise any question on appeal, although no appeal has been filed by it, and may introduce any facts in support of its settlement or correction thereof, provided notice of twenty (20) days is given the appellant prior to trial of the intention of raising such new questions or presenting new facts."

This section has been suspended absolutely by Pa.R.App.P. 1571(e).

Appellant did not file any exceptions; rather, an appeal was taken to this court.[11]

■ We note initially that at the time this appeal was taken, there was *no* requirement for exceptions to be filed from the instant order of Commonwealth Court. In *Townships of Springdale and Wilkins v. Mowod*, 474 Pa. 82, 376 A.2d 983 (1977), the Commonwealth Court heard an equity matter within its original jurisdiction *en banc* on cross motions for summary judgment. After the Commonwealth Court's decision, an appeal was taken to this court. The appellees therein filed a motion to quash the appeal because appellants had failed to file exceptions as required by Pa.R. C.P. 1518. As we stated:

"In our view, the decision of the Commonwealth Court, which heard the case en banc on cross-motions for summary judgment, constituted a final decree, from which exceptions need not be filed." *Id.*, 474 Pa. at 84, 376 A.2d 984.

Furthermore, the Pennsylvania Rules of Appellate Procedure *now* provide:

"Rule 1571. Determinations of the Board of Finance and Revenue.

\*      \*      \*      \*      \*      \*

"(i) Exceptions. Any party may file exceptions to an initial determination by the trial court under this rule within 30 days after the entry of the order to which exception is taken. Such timely exceptions shall have the effect, for the purposes of Rule 1701(b)(3) (authority of lower court or agency after appeal) of an order expressly granting reconsideration of the determination previously entered by the court. *Issues not raised on exceptions are waived and cannot be raised on appeal.*" (Emphasis added.)

The Explanatory Note—1979 provides: "A *new* requirement is added permitting an appeal to the Supreme Court only if exceptions have been filed." (Emphasis added.) As Pa.R.

---

11. Act of July 31, 1970, P.L. 673, No. 223, § 203, 17 P.S. § 211.203, repealed by Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 723 (effective June 27, 1978).

App.P. 1571 did not go into effect until September 30, 1979, this appeal is in no way affected by appellant's failure to file exceptions.

■■■ Appellant argues that the Commonwealth Court erred in disallowing any exclusions for the value of the capital stock of its domestic and foreign subsidiaries. We do not agree. The Tax Reform Code of 1971 provides:

".  .  . any domestic corporation  .  .  . subject to [the capital stock tax] may elect to compute and pay its tax under and *in accordance with* the provisions of subsection (b) of this section 602 [relating to the imposition and calculation of the franchise tax on foreign corporations]."

As we stated in *Commonwealth v. Greenville Steel Car*, 469 Pa. 444, 451, 366 A.2d 569, 573 (1976):

"As applied to a domestic corporation electing to be treated as a foreign corporation the use of the three factor apportionment formula is a legislative grant by which the taxpayer can reduce its tax liability. Use of the formula is in the nature of an exemption or deduction and, as such, *must be strictly construed.*" (Emphasis added.)

It thus seems clear that a domestic taxpayer who elects to use the franchise tax method must be placed on exactly the same footing as a foreign corporation paying its franchise tax.

The franchise tax formula itself contains no provisions for the exemption of the value of the capital stock of a subsidiary, since the three factors taken into account are *tangible* property, wages and sales both in and out of Pennsylvania. Further, and as previously mentioned, the value of a domestic subsidiary's capital stock must be included in the valuation of a parent foreign corporation's capital stock. *Commonwealth v. Monessen Amusement Co., Inc., supra.* Appellant argues, however, that as a domestic corporation, the disallowance of any exclusion for the value of its domestic subsidiaries amounts to double taxation unintended by the Legislature. *Commonwealth v. Fall Brook Coal Co., supra.* Suffice it to say, however, that to the extent double taxation may occur when a domestic corporation elects to compute its

tax by using the franchise tax formula, it cannot be said this was not intended by the Legislature. In passing the 1967 amendment and in reenacting it in the Tax Reform Code of 1971, the Legislature knew that a domestic corporation using the amendment could not exclude the value of its domestic subsidiaries. Despite any double taxation that might occur, the amendment sought to allow domestic corporations to reduce their tax liability below the amount obtained by using the single fraction formula, 72 P.S. § 1896, where the value of domestic subsidiaries can clearly be excluded. We thus find no error in the taxing authorities' refusal to allow appellant to deduct the value of its domestic subsidiaries.

■■■■ Appellant also claims it should have been allowed to exclude the value of its foreign subsidiaries. The Act of April 20, 1927, P.L. 311, as amended, 72 P.S. § 1894 provides:

"Whenever any corporation . . . incorporated or formed under the laws of this Commonwealth, and liable to the payment of tax upon its capital stock, or specifically exempted therefrom under the laws of this Commonwealth, shall own, either directly or through subsidiary or sub-subsidiary corporations, a majority of the total issued and outstanding shares of voting stock of any corporation, . . . then, in such cases, so much of the value of all shares of stock, so owned in such other corporation . . *as represents property or assets located or having a legal situs without this Commonwealth,* shall not be liable to taxation, under the laws of this Commonwealth providing for the taxation of capital stock of corporations . . . but shall be excluded in determining the value of the capital stock of such owning company for purposes of taxation." (Emphasis added.)

Again, however, this exemption is available only to domestic corporations computing their capital stock tax by the Act of June 22, 1931, P.L. 685, No. 250, 72 P.S. § 1896, which provides:

"Whenever any corporation, joint-stock association, limited partnership, or company, subject to tax upon its

capital stock imposed by and under the laws of this Commonwealth, owns assets which are exempted or relieved from the capital stock tax under the laws of this Commonwealth, the proportion of the capital stock exempted or relieved from the capital stock tax by reason of the ownership of such assets, shall be the proportion which the value of such assets bears to the value of the total assets owned by such corporation, joint-stock association, limited partnership, or company."

By electing to compute its tax by using the franchise tax formula, appellant must forego exclusions allowed domestic corporations which compute their tax using the single fraction formula.[12]

Appellant further argues that if the Act of April 20, 1927, P.L. 311, *as amended*, 72 P.S. § 1894, does not provide authority for excluding the value of its foreign subsidiaries, appellant should be allowed to exclude the value of those foreign subsidiaries through the "multiform" treatment authorized by *Commonwealth v. Columbia Gas & Electric Corp., supra.* Foreign corporations computing their franchise tax may exclude from the valuation of their capital stock any assets located outside Pennsylvania which are not related to the ongoing business in the Commonwealth. We need not, however, decide this issue of first impression, i. e., whether a domestic corporation electing to compute its capital stock tax using the franchise tax formula is entitled to multiform treatment, for appellant failed to raise this issue in Commonwealth Court. In the stipulation of facts submitted to that court, there is no mention that any of the

12. It is worthy to note that appellant, in attempting to exclude the value of the capital stock of both its domestic and foreign subsidiaries directly from the actual value of its capital stock, sought an advantage not accorded other domestic corporations. As the Commonwealth Court stated:

". . . It is clear that under the single factor formula of the Act of 1931, any exemptions for nontaxable assets are to be realized by subtracting their value from total assets in the numerator of the fraction and not by deducting the value of the exemption from actual value of the capital stock." *Commonwealth v. After Six, Inc., supra*, 33 Pa.Cmwlth. at 482, 382 A.2d at 988. (Footnote omitted.)

foreign subsidiaries are unrelated to appellant's business in Pennsylvania. Having failed to present this issue to Commonwealth Court, appellant may not raise it for the first time in this appeal.

■ In its brief, appellant states: "A taxpayer should not be penalized by a settlement of its capital stock tax based on the use of the three fraction formula if it is determined that the single fraction formula results in a smaller tax." Appellant's brief, p. 31. Section 602 of the Tax Reform Code of 1971 makes clear that only the taxpayer may elect to compute its tax using the franchise tax formula. In *Commonwealth v. Electrolux Corp.*, 362 Pa. 333, 67 A.2d 105 (1949), the taxpayer sought and was granted the authority to change its accounting from an installment to an accrual basis. Said change resulted in a higher corporate net income tax. As we stated:

"The appellant made the change voluntarily, evidently because of some advantage inuring to it, and should not now be heard to complain . . . Any presumed disadvantage which this taxpayer now experiences is the result of its own voluntary act." *Id.*, 362 Pa. at 338, 67 A.2d at 107.

Instantly, appellant must bear the financial consequences of its election to use the franchise tax formula.

■ Appellant also claims that there has been a violation of the requirement that taxation be uniform on the same class of subjects, Pennsylvania Constitution, art. VIII, § 1, in that it has been denied an exemption that it would have had if it had not elected to be treated as a foreign corporation. We do not agree. The state may create different classifications for taxation. *Philadelphia v. Depuy*, 431 Pa. 276, 244 A.2d 741 (1968). Uniformity must be maintained within each class. *Saulsbury v. Bethlehem Steel Co.*, 413 Pa. 316, 196 A.2d 664 (1964). We find that there is no violation of uniformity in imposing the different taxes and formulas involved in this case on domestic and foreign corporations. Appellant chose to be treated as a member of a different class. The uniformity clause does not entitle it to claim exemptions given to the class it chose not to be a part of.

Finally, appellant asserts that Commonwealth Court applied the incorrect apportionment factor of .87432. With this argument we agree. The parties stipulated the following figures should have been used:

$$\frac{\text{average value of tangible property in Pa.}}{\text{average value of all tangible property}} \quad \frac{\$ 9,694,692}{\$11,064,684} = .876183$$

$$\frac{\text{wages, salaries, etc., assignable to Pa.}}{\text{total wages, salaries, etc.}} \quad \frac{2,762,065}{3,099,840} = .891035$$

$$\frac{\text{sales assignable to Pennsylvania}}{\text{total sales everywhere}} \quad \frac{12,099,725}{22,956,485} = .527072$$

The proper apportionment factor is .764763, which when applied to the $10,000,000 value of appellant's stock gives a tax due of $76,476.30 plus six percent annual interest from the original due date.

The order of Commonwealth Court is affirmed as modified.