OPINION
Appellants, John W. and Penny S. Herr, appeal a decision of the Ohio Board of Tax Appeals ("BTA") affirming a decision of the Ohio Tax Commissioner which dismissed their petition for reassessment for lack of jurisdiction.
In 1990, appellants filed both a federal and an Ohio income tax return. Subsequently, the Internal Revenue Service ("IRS") adjusted appellants' 1990 federal tax return which resulted in an increase in their federal adjusted gross income. Specifically, the IRS determined that appellants' adjusted gross income should be increased by $15,347.83 from the reported amount of $94,710.42 to $110,058.25. The IRS notified the Ohio Department of Taxation ("ODOT") of the adjustments that had been made to appellants' 1990 federal tax return.
On August 1, 1994, ODOT notified appellants of a proposed increase in their 1990 Ohio income tax liability based upon the adjustments made to appellants' federal tax return by the IRS, which increased appellants' federal adjusted gross income by $15,347.83. The proposed increase in appellants' Ohio income tax liability was $1,196.61, including interest. On August 29, 1994, appellants responded to the notification from ODOT, informing ODOT that they disagreed with the proposed increase in their Ohio income tax liability.
On January 17, 1995, the tax commissioner issued an assessment against appellants in the amount of $1,975.38, including penalties and interest, based upon the adjustments made by the IRS.[1] The assessment issued by the tax commissioner was calculated on the basis of the increase in appellants' federal adjusted gross income reported on their 1990 federal tax return. On February 22, 1995, appellants filed a petition for reassessment with the Ohio tax commissioner. Appellants did not file an amended Ohio tax return for 1990 and did not pay the assessment issued by the Ohio tax commissioner when they filed their petition for reassessment.
On November 3, 1995, the tax commissioner issued a final determination dismissing appellants' petition for reassessment for lack of jurisdiction. The commissioner's determination indicates that the dismissal was based upon appellants' failure to pay the assessment upon the filing of their petition for reassessment. Appellants filed a timely appeal to the BTA and a hearing was conducted before the BTA on July 2, 1996. In a decision and order dated September 20, 1996, the BTA affirmed the tax commissioner's decision and dismissed appellants' appeal for lack of jurisdiction. It is from this decision that appellants now appeal, setting forth the following assignment of error:
 THE BOARD OF TAX APPEALS ERRED IN HOLDING THAT APPELLANTS WERE REQUIRED TO FILE AN AMENDED OHIO INCOME TAX RETURN (AND PAY THE ASSESSMENT) AS A JURISDICTIONAL CONDITION FOR CONSIDERATION OF THEIR PETITION FOR REASSESSMENT ON ITS MERITS.
In their sole assignment of error, appellants contend that the BTA erred in its determination that they were required to file an amended Ohio income tax return and pay the assessment issued by the Ohio tax commissioner as a jurisdictional prerequisite for consideration of their petition for reassessment. Appellants argue that they were neither required to file an amended tax return nor required to pay the assessment because the adjustments made by the IRS did not alter the figures on their Ohio income tax return.
The standard which guides our review of the BTA's decision is found in R.C. 5717.04, which provides that our standard of review is limited to a determination of whether the decision of the BTA is reasonable and lawful. PPG Industries, Inc. v. Kosydar (1981),65 Ohio St.2d 80, 81; Macior v. Limbach (1993), 86 Ohio App.3d 204,207.
R.C. 5747.13 contains the appropriate procedure that must be followed once the Ohio Tax Commissioner issues an assessment against an Ohio taxpayer and the taxpayer desires to contest the assessment. R.C. 5747.13 provides in pertinent part as follows:
 (B) Unless the party to whom the notice of assessment is directed files with the commissioner within thirty days after service of the notice of assessment, either personally or by certified mail, a petition for reassessment in writing, signed by the party assessed, or by his authorized agent having knowledge of the facts and makes payment of the portion of the assessment required by division (E) of this section, the assessment shall become conclusive, and the amount of the assessment shall be due and payable from the party assessed to the commissioner with remittance made payable to the treasurer of state. * * *
 (E) The portion of an assessment which must be paid upon the filing of a petition for reassessment shall be as follows:
* * *
 (2) If the taxpayer assessed failed to file, prior to the date of issuance of the assessment, the annual return required by section 5747.08 of the Revised Code, any amended return required by section 5747.10 of the Revised Code for the taxable year at issue, or any report required by division (B) of section 5747.05 of the Revised Code to indicate a reduction in the amount of the credit provided under that division, full payment of the assessment including penalty and interest is required;
* * *
 (6) If none of the conditions specified in divisions (E)(1) to (5) of this section apply, no payment is required.
R.C. 5747.10 states when a taxpayer must file an amended return and provides in part as follows:
 If any of the facts, figures, computations, or attachments required in a taxpayer's annual return to determine the tax charged by this chapter or Chapter 5748. of the Revised Code must be altered as the result of an adjustment to the taxpayer's federal income tax return, whether initiated by the taxpayer or the internal revenue service, and such alteration affects the taxpayer's tax liability under this chapter or Chapter 5748. of the Revised Code, the taxpayer shall file an amended return with the tax commissioner in such form as the commissioner requires. The amended return shall be filed not later than sixty days after the adjustment has been agreed to or finally determined for federal income tax purposes or any federal income tax deficiency or refund, or the abatement or credit resulting therefrom, has been assessed or paid, whichever occurs first.
When a petition for reassessment is filed, the payment required under R.C. 5747.13(E) within the statutorily specified time period is a jurisdictional prerequisite for consideration of the petition. The right to contest an assessment specifically depends upon full payment of the assessment upon the filing of a petition for reassessment. See W.T. Grant Co. v. Lindley (1977), 50 Ohio St.2d 7,8; Niemeyer v. Collins (1976), 45 Ohio St.2d 63, 64-65; Pre-Fab Transit Co. v. Bowers (1964), 176 Ohio St. 163, 164-165; Sabula v. Tracy (Feb. 3, 1995), B.T.A. 93-S-974, unreported; Fuller v. Tracy (June 30, 1994), B.T.A. 93-M-301, unreported.
An Ohio taxpayer's income tax liability is measured on the basis of the taxpayer's adjusted gross income. R.C. 5747.02. See, also, Dery v. Lindley (1979), 57 Ohio St.2d 5, 6. According to R.C. 5747.01(A), "`[a]djusted gross income' or `Ohio adjusted gross income' means adjusted gross income as defined and used in the Internal Revenue Code * * *."
The record indicates that the adjustments made by the IRS to appellants' 1990 federal income tax return resulted in a $15,347.83 increase in appellants' federal adjusted gross income for that year. Specifically, the IRS determined that appellants' adjusted gross income should be increased from $94,710.42 to $110,058.25. Thus, the adjustment made by the IRS resulted in an alteration of the figures used to compute appellants' Ohio income tax liability, as that liability is determined based upon the utilization of a taxpayer's adjusted gross income. See R.C.5747.02; Dery, 57 Ohio St.2d at 6.
Based upon a careful review of the record, we find no error in the BTA's decision affirming the tax commissioner's decision dismissing appellants' petition for reassessment due to lack of jurisdiction. It is clear from a plain reading of the applicable statutes that a taxpayer who files a petition for reassessment must file an amended return and pay the amount of the assessment if any adjustments made by the IRS to the taxpayer's federal return alter "the facts, figures, computations, or attachments" on the taxpayer's Ohio income tax liability. See R.C. 5747.13(B) and (E)(2). Appellants failed to file an amended Ohio tax return and failed to pay the amount of the assessment upon the filing of their petition for reassessment. Consequently, failure to follow the jurisdictional prerequisites necessarily renders this court unable to reach the merits of appellants' appeal. See W.T. Grant Co., 50 Ohio St.2d at 8; Sabula, B.T.A. 93-S-974, unreported. Accordingly, since the decision of the BTA is neither unreasonable nor unlawful, appellants' sole assignment of error is overruled and the decision of the BTA is hereby affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] The tax commissioner's final determination indicates that the amount of the increased tax liability was $928.41, the amount of the penalty assessed was $747.98, and the amount of interest owed was $298.99.