# Commonwealth, Appellant, v. The Mundy Corporation.

Argued January 12, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

reargument refused April 22, 1943.

*Frank A. Sinon,* Deputy Attorney General, for appellant.

*James J. Dougherty,* with him *John R. Scholl* and *Joseph P. Gaffney,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 22, 1943:

This is an appeal by the Commonwealth from the judgment of the Court of Common Pleas of Dauphin County sitting without a jury, refusing to tax for capital stock tax or franchise tax purposes certain securities held and owned by the appellee.

The appellee, The Mundy Corporation, is a corporation organized under the laws of the State of Delaware. It registered to do business in Pennsylvania on December 29, 1924, with an office and place of business at 207 South Ninth Street, Philadelphia, Pennsylvania. On August 10, 1933, the Commonwealth issued to the appellee a certificate of authority to do "a general real estate business by buying and selling real estate and constructing buildings and erecting buildings." The appellee maintained a statutory office in Delaware. By reason of its incorporation in the State of Delaware, it is classed as a foreign corporation with authority to do business in Pennsylvania.

At the time of its creation on December 29, 1924, most of the securities which later the Commonwealth attempted to tax, were obtained. They had a value of $835,853.38. They consisted of United States Government Bonds, Commonwealth of Pennsylvania Bonds, Bonds of Pennsylvania municipalities, Bonds of the City of New York and Bonds of Railroad Corporations. These securities were still owned and possessed by the appellee in 1935. The securities were bought with appellee's stockholders' contributions and as investments for the benefit of these stockholders. They had no function in the conduct of appellee's real estate business and were not necessary to the carrying out of the purposes of appellee's Delaware charter. They were simply an

asset of appellee and could not be considered as "working capital". They were *not* "a necessary part of the corporate activity".

The Act of 1935, P. L. 184, amending the Act of 1889, P. L. 420, does not give power to the Commonwealth to levy a capital stock tax or a franchise tax upon securities held and owned by a foreign corporation doing business in Pennsylvania, which have no fair relation to the value of the franchise enjoyed by the corporation in this state. Such assets must be excluded. See *Commonwealth v. Columbia Gas and Electric Corporation*, 336 Pa. 209, 8 A. 2d 404. These securities which the Commonwealth is attempting to tax are incorporeal intangibles and as such under the facts here present are not within the taxing jurisdiction of the state. The legal situs of this property for taxation purposes is the state of appellee's domicile, to wit, Delaware. A corporation's domicile is the state of its incorporation: *Bank of Augusta v. Earle*, 38 U. S. 519, 588, and that is the situs for taxation of its money in bank and bonds or other securities, in safe keeping in that state: In *Commonwealth v. Curtis Publishing Co.*, 237 Pa. 333, 85 A. 360, we held (quoting from the court below) : "The tax on the capital stock of a corporation is a tax upon its property. Its capital stock is in the State to the extent that its property which represents its capital stock is in the State. So much of its capital stock is taxable in the State as is represented by its property taxable in the State. . . . For years the doctrine has been sustained by the courts of this State that the situs of intangible personal property for taxation, such as bonds, mortgages and other evidences of indebtedness, is the domicile of the owner." It was said in *Newark Insurance Company v. The State Board of Tax Appeals*, 307 U. S. 313 at 318, 319: "When a state exercises its sovereign power to create a private corporation, that corporation becomes a citizen and is domiciled in the jurisdiction of its creator. There it must dwell. . . . There are occasions, however, when the use of intangible personalty in other states becomes so inextricably a

part of the business there conducted that it becomes subject to taxation by that state. . . . Where consideration has been given to the existence of a business situs of intangibles for taxation by a state other than the state of domicile, there has been definite evidence that the intangibles were integral parts of the business conducted" (in that state). The appellee corporation is domiciled in Delaware, and the securities which the Commonwealth is attempting to tax are *not* integral parts of the appellee's business conducted in Pennsylvania.

The assignments of error are overruled.

The judgment is affirmed.