447 A.2d 944

**GILBERT ASSOCIATES, INC.,** Appellant,

v.

**COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued May 19, 1982.

Decided June 28, 1982.

Harry J. Rubin, Harrisburg, for appellant.

Vincent J. Dopko, Deputy Atty. Gen., Harrisburg, for appellee.

## OPINION OF THE COURT

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

ROBERTS, Justice.

Appellant, Gilbert Associates, Inc., is a Delaware corporation authorized to do business in Pennsylvania. As a foreign corporation earning taxable income within and without the Commonwealth of Pennsylvania, appellant is required to pay a franchise tax pursuant to a three-factor formula that is designed to apportion the value of its capital stock attributable to its activities in Pennsylvania. Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, § 602(b), 72 P.S. § 7602(b) (Supp. 1982–83), formerly Act of May 16, 1935, P.L. 184, as amended.

Appellant duly filed a franchise tax report for the tax year ending December 31, 1974, see 72 P.S. § 7601, showing a capital stock value of $30,000,000. Its franchise tax liability was computed as $287,145.60 under the three-factor ap-

portionment formula. Appellant paid the tax and then timely filed a petition for refund with the Board of Finance and Revenue on the ground that it should have been permitted the option of applying the single-factor formula provided by 72 P.S. § 1896 that is accorded to domestic corporations with income taxable both within and without the state in calculating their capital stock tax. Application of the single-factor formula to appellant's 1974 capital stock would have resulted in a tax liability of only $148,024.00.[1] The Board of Finance and Revenue denied the petition for refund and, on appeal to the Commonwealth Court, that denial was affirmed. 53 Pa.Cmwlth. 142, 418 A.2d 783 (1980). Appellant's timely exceptions to the Commonwealth Court's order were overruled and this appeal followed.

We hold that, under the Pennsylvania and United States Constitutions, foreign corporations must be afforded an option equivalent to the option to use either the single-factor or three-factor apportionment formula presently afforded only to domestic corporations. Accordingly, we vacate the order of the Commonwealth Court and remand for the entry of an order consistent with this opinion.

Both the capital stock tax imposed on domestic corporations and the franchise tax imposed on foreign corporations are determined by the value of the corporation's taxable capital stock multiplied by the tax rate of 10 mills. 72 P.S. § 7602. Prior to 1967, two distinct methods of calculating taxable capital stock value were applied to domestic and foreign corporations. In the case of domestic corporations, the actual value of capital stock was multiplied by a percentage derived from a single-factor formula. This formula was based on the proportion which the value of non-exempt assets bore to the value of total assets owned by the corporation. Act of June 22, 1931, P.L. 685, § 1, 72 P.S. § 1896. In

1. The parties have agreed upon the proper computation of appellant's tax liability under both the single-factor and three-factor apportionment formulas. These computations were included in the parties' stipulation of facts, which was filed in the Commonwealth Court and made a part of the record.

the case of foreign corporations, the actual value of capital stock was multiplied by a percentage derived from a three-factor formula. This formula was based on the average of tangible property, payroll and gross receipts attributable to Pennsylvania. Act of May 16, 1935, P.L. 184, 72 P.S. § 7602(a).[2] In upholding the constitutionality of these different methods of calculating taxable capital stock value for domestic and foreign corporations, this Court concluded that "[a]n equivalent tax burden is imposed on both classes of corporations." *Commonwealth v. Ford Motor Co.*, 350 Pa. 236, 252, 38 A.2d 329, 337 (1944), appeal dism'd for want of substantial federal question, 324 U.S. 827, 65 S.Ct. 857, 89 L.Ed. 1394 (1945). Because "[e]quality of taxation does not require *identical* taxation," we held that "[t]he incidence and base of taxation may be different in the case of foreign and domestic corporations" if the classification is "justified by obvious differences in [the] subjects of taxation." Id. 350 Pa. at 250, 38 A.2d at 336 (emphasis in original). Thus, the "divergent natures" of the capital stock tax, which is measured by property within the state, and the franchise tax, which is measured by business activities within the state, were held to justify the different formulas used to ascertain these values. *Commonwealth v. Ford Motor Co.*, supra. Accord, *Commonwealth v. The Mundy Corp.*, 346 Pa. 482, 30 A.2d 878 (1943); *Commonwealth v. Columbia Gas & Electric Corp.*, 336 Pa. 209, 8 A.2d 404 (1939).

In 1967, the Legislature amended the taxing statutes to afford a domestic corporation with income taxable outside Pennsylvania the present option of having its capital stock value measured by either the previously mandatory single-factor formula or the three-factor formula mandatory for foreign corporations, whichever would afford the domestic corporation a greater tax advantage. Act of October 19, 1967, P.L. 446, amending Act of June 1, 1889, P.L. 420, § 21,

2. Prior to 1935, foreign corporations were subject to the same capital stock tax imposed on domestic corporations. Act of June 1, 1889, P.L. 420, § 21.

72 P.S. § 1871(a).  See *Commonwealth v. Greenville Steel Car Co.*, 469 Pa. 444, 451, 366 A.2d 569, 573 (1976) ("the electing corporation must show that it is 'taxable' in another state").  This Court has observed:

> "The amendment was originally enacted for the benefit of domestic corporations which had most of their assets in Pennsylvania and yet conducted a significant portion of their business out of state.  Before the 1967 amendment, a domestic corporation thus situated would have paid a tax significantly higher than an identical corporation doing an identical business whose only difference was that it was incorporated out of state.  The amendment was thus a Legislative grant allowing a taxpayer to reduce its tax liability."

*Commonwealth v. After Six, Inc.*, 489 Pa. 69, 77, 413 A.2d 1017, 1021 (1980).[3]  It is this amendment that has engendered the present controversy.

In *Columbia Gas Transmission Corp. v. Commonwealth*, 468 Pa. 145, 360 A.2d 592 (1976), this Court made it clear that tax classifications "based solely on place of incorporation, without any further justification, cannot stand constitutional scrutiny" under either the uniformity clause of the Pennsylvania Constitution or the equal protection clause of the United States Constitution.  Id., 468 Pa. at 150, 360 A.2d at 595.[4]  There, this Court held unenforceable an excise tax rate on the increase in capital of foreign corporations that

**3.**  As reenacted by the Tax Reform Code of 1971, that amendment provides:
> "... any domestic corporation ... subject to the tax prescribed herein may elect to compute and pay its tax under and in accordance with the provisions of subsection (b) of this section 602."  72 P.S. § 7602(a) (Supp. 1982–83).

**4.**  Pa.Const. art. 8, § 1, provides:
> "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

> U.S.Const.amend. XIV, § 1, provides in pertinent part:
> "No State shall ... deny to any person within its jurisdiction the equal protection of the laws."

was higher than the rate imposed on the increase in capital of domestic corporations.

Here, the tax on the capital stock value of a corporation is applied at the same rate of 10 mills to both domestic and foreign corporations. 72 P.S. § 7602. Thus the constitutional infirmity in *Columbia Gas*, nonuniform and unequal rates of taxation applied to domestic and foreign corporations, is not present. However, notwithstanding the uniform and equal tax rates, by failing to provide an option to foreign corporations equivalent to that which has been provided to domestic corporations—the option to apply either the single-factor or three-factor formula in ascertaining taxable capital stock—the Legislature has imposed unequal tax burdens upon domestic and foreign corporations. Whereas a domestic corporation is entitled to pay a tax measured by the value of its capital stock according to either the single-factor or the three-factor formula, whichever is more advantageous to the corporation, a foreign corporation is required to pay a tax measured by the value of its capital stock according to the three-factor formula, regardless of the tax consequences. This difference in treatment which, provides domestic corporations alone with an option "in the nature of an exemption or deduction," *Commonwealth v. Greenville Steel Car Co.*, supra, is unrelated to any discernible difference between domestic and foreign corporations other than their place of incorporation, and hence is constitutionally impermissible. *Commonwealth v. Columbia Gas Transmission Corp.*, supra.

In holding unconstitutional a state tax exemption for domestic but not foreign non-profit organizations, the Supreme Court of the United States has made it clear that "while a State may impose conditions on the entry of foreign corporations to do business in the State, once it has permitted them to enter, 'the adopted corporations are entitled to equal protection with the state's own corporate progeny, at least to the extent that their property is entitled to an equally favorable *ad valorem* tax basis.' " *WHYY, Inc. v. Borough of Glassboro*, 393 U.S. 117, 119, 89 S.Ct. 286, 287, 21

L.Ed.2d 242 (1968), quoting *Wheeling Steel Corp. v. Glander*, 337 U.S. 562, 571–72, 69 S.Ct. 1291, 1296, 93 L.Ed. 1544 (1949) (*ad valorem* tax on intangibles of non-residents and foreign corporations unconstitutional). See *Western & Southern Life Ins. Co. v. State Bd. of Equalization of California*, 451 U.S. 648, 668, 101 S.Ct. 2070, 2083, 68 L.Ed.2d 514 (1981) ("We consider it now established that, whatever the extent of a State's authority to exclude foreign corporations from doing business within its boundaries, that authority does not justify imposition of more onerous taxes or other burdens on foreign corporations than those imposed on domestic corporations, unless the discrimination between foreign and domestic corporations bears a rational relation to a legitimate state purpose.").

Although the Legislature was in no respect obliged to grant domestic corporations the option to measure their taxable capital stock value on the basis of either the single-factor or three-factor apportionment formula, the Constitutions of Pennsylvania and the United States require that, once such an option has been granted to domestic corporations, an equivalent option must be granted to similarly situated foreign corporations.

In 1939, when the capital stock tax and franchise tax were held to be equivalent, this Court stated: "If [the Commonwealth] attempted to impose a greater tax burden on foreign corporations than it did on domestic corporations similarly situated, appellee [ (a foreign corporation) ] would have a just cause of complaint." *Commonwealth v. Columbia Electric & Gas Co.*, supra, 336 Pa. at 227, 8 A.2d at 414 (footnote omitted). That just cause is present on this record. Solely because it is a foreign corporation, appellant has been required to bear a greater tax burden than it would have been required to bear if it were a domestic corporation.

Order of the Commonwealth Court vacated and record remanded for entry of an appropriate order consistent with this opinion.