514 A.2d 228

Quality Markets, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued February 5, 1986, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, DOYLE, BARRY, COLINS and PALLADINO.

*Sherill T. Moyer,* with him, *Frank A. Sinon* and *Jack F. Hurley, Jr., Rhoads & Sinon,* for petitioner.

*Vincent J. Dopko,* Deputy Attorney General, with him, *Eugene J. Anastasio* and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, August 8, 1986:

Quality Markets, Inc. (Taxpayer) appeals from an order of the Board of Finance and Revenue (Board) which refused Taxpayer's Petition for Refund of Franchise Tax for the year ending January 30, 1982. We affirm.

The relevant facts, stipulated to by the parties, are as follows: Taxpayer is incorporated under the laws of the State of New York, and is engaged in the operation of retail grocery stores located in both New York and the Commonwealth of Pennsylvania. Of Taxpayer's twenty-one stores, thirteen are located in New York and

eight are located in Pennsylvania. Taxpayer's corporate headquarters and distribution center are located in Jamestown, New York.

In October of 1982, Taxpayer filed with the Commonwealth a Franchise Tax Report for the fiscal year ending January 30, 1982, declaring a franchise tax liability of $24,660. The Department of Revenue settled the report and determined that Taxpayer owed $29,127 in franchise tax, which Taxpayer paid in full. The amount of Taxpayer's franchise tax liability was calculated according to the three-factor apportionment formula specified in Section 602(b)(1) of the Tax Reform Code of 1971.[1] This formula is designed to apportion the value of a corporation's capital stock attributable to the corporation's activities in the Commonwealth, using the three factors of tangible property, payroll, and sales.

In June of 1982, the Supreme Court of Pennsylvania, in *Gilbert Associates, Inc. v. Commonwealth*, 498 Pa. 514, 447 A.2d 944 (1982), held that foreign corporations must be afforded the option heretofore given only to domestic corporations, of using either the three-

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7602(b)(1). Using three-factor apportionment, the formula for determining franchise tax is as follows:

$$\frac{\text{tangible property in Pennsylvania}}{\text{total tangible property}} = \%(1)$$

$$\frac{\text{wages, salaries, etc. assignable in Pennsylvania}}{\text{total wages, salaries, etc.}} = \%(2)$$

$$\frac{\text{sales assignable in Pennsylvania}}{\text{total sales}} = \%(3)$$

$$\frac{\%(1) + \%(2) + \%(3)}{3} = \text{apportionment factor}$$

$$\text{actual value} \times \text{apportionment factor} \times 10 \text{ mills} = \text{tax due}$$

factor apportionment formula of the franchise tax or the single-factor apportionment formula applicable to the capital stock tax.[2] Thereafter, Taxpayer filed with the Board a Petition for Refund, claiming the right to compute its tax owed using the single-factor apportionment formula. Taxpayer conditioned its election of single-factor apportionment, however, on the assumption that Taxpayer's intangible assets are not legally includable in the single-factor apportionment calculation.[3] The Board refused Taxpayer's petition, and Taxpayer filed the instant petition for review with this Court.

The *gravamen* of Taxpayer's argument is that, when the single-factor apportionment formula is used, the Commonwealth may not legally tax foreign corporations as if they are domestic corporations to the extent that intangible assets are included in the single-factor apportionment fraction. Taxpayer asserts that this is so because its intangible assets have no rational or reasonable relationship to Taxpayer's business activities in the Commonwealth, and are therefore not susceptible to taxation by the Commonwealth. Specifically, Taxpayer contends that such taxation of its intangible assets by the Commonwealth is violative of the Due Process Clause and Commerce Clause of the United States Constitution, and of the Uniformity Clause of the Con-

---

[2] The single-factor apportionment formula is authorized by the Act of June 22, 1931, P.L. 685, No. 250, 72 P.S. §1896. Using single-factor apportionment, the tax due is calculated as follows:

$$\frac{\text{taxable assets (total assets-exempt assets)}}{\text{total assets}} \times \text{actual value} \times \text{ten mills} = \text{tax due}$$

[3] The intangible assets at issue here include the following: cash; accounts receivable; common stocks; stock and investment certificates in Topco Associates, a buying cooperative of which Taxpayer is a member; capital leases; deferred income tax benefits; inter-company receivable; prepaid real estate taxes; and prepaid miscellaneous expenses.

stitution of the Commonwealth of Pennsylvania. Accordingly, the sole issue presented for our review is one of law: whether a foreign corporation which elects to be taxed under the single-factor apportionment formula may be legally and constitutionally required to include its intangible assets in the computation of its franchise tax due.

In Pennsylvania, both domestic corporations (incorporated under the laws of the Commonwealth) and foreign corporations (incorporated elsewhere) are subject to an annual tax based on the value of the corporation's capital stock. As the Supreme Court of Pennsylvania noted in *Gilbert Associates,*

> [p]rior to 1967, two distinct methods of calculating taxable capital stock value were applied to domestic and foreign corporations. In the case of domestic corporations, the actual value of capital stock was multiplied by a percentage derived from a single-factor formula. This formula was based on the proportion which the value of non-exempt assets bore to the value of total assets by the corporation. Act of June 22, 1931, P.L. 685, §1, 72 P.S. §1896. In the case of foreign corporations, the actual value of capital stock was multiplied by a percentage derived from a three-factor formula. This formula was based on the average of tangible property, payroll and gross receipts attributable to Pennsylvania. Act of May 16, 1935, P.L. 184, 72 P.S.§7602(a).

498 Pa. at 516-517, 447 A.2d at 945. The distinction drawn between domestic and foreign corporations, and the different methods used to calculate their taxable capital stock value, have been determined to be constitutional because "[a]n equivalent tax burden is imposed on both classes of corporations." *Commonwealth v. Ford Motor Co.,* 350 Pa. 236, 38 A.2d 329, 337 (1944). More-

over, as used in the taxation of foreign corporations, the three-factor apportionment formula has met with approval from the Supreme Court of the United States, which has noted that the three-factor method has become "something of a benchmark against which other apportionment formulas are judged." *Container Corp. of America v. Franchise Tax Board,* 463 U.S. 159, 170 (1983).

In 1967, the Legislature amended the taxing statutes to afford a domestic corporation with income taxable outside Pennsylvania the option of having its capital stock value measured by either the previously mandatory single-factor formula or the three-factor formula mandatory for foreign corporations, thus allowing the domestic corporation to choose whichever formula would afford it a greater tax advantage.[4] In *Gilbert Associates,* our Supreme Court determined that, by granting domestic corporations an option in the nature of an exemption or deduction, the Legislature had imposed unequal tax burdens upon domestic and foreign corporations which were "unrelated to any discernable difference between domestic and foreign corporations other than their place of incorporation. . . ." 498 Pa. at 519, 447 A.2d at 947. Accordingly, the Supreme Court held that:

> Although the Legislature was in no respect obliged to grant domestic corporations the option to measure their taxable capital stock value on the basis of either the single-factor or three-factor apportionment formula, the Constitutions of Pennsylvania and the United States require that, once such an option has been granted to domestic corporations, an equivalent option

---

[4] Act of October 19, 1967, P.L. 446, amending Act of June 1, 1889, P.L. 420, 72 P.S. §1871(a).

must be granted to similarly situated foreign corporations.

*Id.* at 520, 447 A.2d at 947.

Clearly, the Commonwealth does not have the power to levy a capital stock tax or a franchise tax upon intangible assets held by a foreign corporation doing business in the Commonwealth, which assets have no connection with this state. *See Norfolk and Western R. Co. v. Missouri Tax Commission,* 390 U.S. 317 (1968); *and Commonwealth v. Universal Trades,* 392 Pa. 323, 141 A.2d 204 (1958). If, therefore, foreign corporations were required to utilize only the single-factor apportionment formula, which includes such intangible assets, an unconstitutional result would occur. This is not the case presented in the instant matter, however, because Taxpayer was afforded an option to choose between the single-factor and three-factor formulas, and it is this option which must be scrutinized, as a whole, to determine if it passes constitutional muster. We conclude that this option, as applied to Taxpayer, is constitutional.

In *Commonwealth v. After Six, Inc.,* 489 Pa. 69, 413 A.2d 1017 (1980), a domestic corporation elected to compute its tax using the three-factor franchise tax formula, but attempted to retain certain exclusions available to domestic corporations only under the single-factor method. The Supreme Court of Pennsylvania held that the corporation must forego such exclusions if it elects to use the three-factor method, and that "a domestic taxpayer who elects to use the franchise tax method must be placed on exactly the same footing as a foreign corporation paying its franchise tax." *Id.* at 81, 413 A.2d at 1023. The Court stated specifically that, despite the possibility of double taxation, the 1967 amendment granting domestic corporations the option to choose between the two formulas was nevertheless val-

id, because it "sought to allow domestic corporations to reduce their tax liability below the amount obtained by using the single fraction formula," where the exclusions were available. *Id*. at 82, 413 A.2d at 1023.

Similarly, in the case at bar, despite Taxpayer's contention that inclusion of its intangible assets in the single-factor apportionment formula will result in the taxation of assets unconnected with the Commonwealth, we determine that the option to choose between tax formulas, as accorded to Taxpayer, is nevertheless valid. As was stated in *Gilbert Associates*, the option given to both foreign and domestic corporations is in the nature of an exemption or deduction. If Taxpayer elected to calculate its taxes under the three-factor formula, which considers only the portion of a corporation's tangible property, wages, and sales attributable to Pennsylvania, then Taxpayer's Pennsylvania-related assets only would be taxed. Because Taxpayer is afforded an option to choose between tax formulas, Taxpayer will choose the formula which provides the greatest tax advantage, and will elect to use the single-factor formula only if it results in a tax liability lower than that calculated using the three-factor method. Because the greatest possible amount of tax that Taxpayer will be required to pay is the amount calculated using the three-factor formula, the option to choose between tax formulas is not constitutionally infirm, despite the fact that, for Taxpayer, the option does not result in an exemption or deduction.

The Due Process Clause of the fourteenth amendment to the United States Constitution[5] imposes two requirements on a state's taxation of a business operating in interstate commerce: "a minimal connection 'or nexus' between the interstate activities and the taxing

---

[5] U.S. Const. amend. XIV, §1.

State, and a rational relationship between the income attributed to the State and the intrastate values of the enterprise." *Exxon Corp. v. Wisconsin Department of Revenue,* 447 U.S. 207, 219-220 (1980). Similarly, under the Commerce Clause,[6] such taxation is valid if it "is applied to an activity with a substantial nexus with the taxing state, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the services provided by the State." *Mobil Oil Corp. v. Commissioner of Taxes,* 445 U.S. 425, 443 (1980). We conclude that, in the instant case, the option to choose between the single-factor and three-factor tax formulas, as afforded to foreign corporations, meets these requirements.

The 'nexus' requirement is met "if the corporation avails itself of the substantial privilege of carrying on business within the State." *Exxon Corp.,* 447 U.S. at 220. Taxpayer, which operates eight stores in the Commonwealth, clearly avails itself of this "substantial privilege."

The requirement that the tax be fairly apportioned is met if the tax is not "out of all appropriate proportion to the business transacted by the [taxpayer] in that State." *Id., quoting Hans Rees' Sons v. North Carolina ex rel. Maxwell,* 283 U.S. 123 (1931). As noted previously, the option afforded Taxpayer is intended to provide a possible deduction from the amount of tax a foreign corporation would owe if it was required to use the three-factor apportionment formula. Because the three-factor formula is accepted as a means of reaching a fair apportionment, *Container Corp. of America,* and because Taxpayer can expect to pay, at most, the amount of tax calculated using the three-factor formula, the option to choose between tax formulas necessarily results in a fair

---

[6] U.S. Const. art. I, §8, cl. 3.

apportionment of taxes to Taxpayer's business conducted in the Commonwealth.

The further requirement of the Commerce Clause that the tax not discriminate against interstate commerce "has not in practice required much in addition to the requirement of fair apportionment." *Id.* at 171. Here, as mentioned above, the option to choose between tax formulas does fairly apportion the amount of tax to Taxpayer's assets connected with the Commonwealth. Moreover, having been granted the option, Taxpayer and all other foreign corporations are treated the same as domestic corporations. Accordingly, the existence of the option does not discriminate against interstate commerce.

As for the Commerce Clause requirement that the tax be fairly related to the services provided by the Commonwealth, we note that the "services" referred to "include not only police and fire protection, but also the benefits of a trained work force and the advantages of a civilized society." *Japan Line, Ltd. v. County of Los Angeles,* 441 U.S. 434, 445 (1979). Unquestionably, Taxpayer's eight stores located in the Commonwealth have available to them the full range of such services.

Finally, we note that the option accorded to Taxpayer does not violate the Uniformity Clause of the Pennsylvania Constitution.[7] Under this clause, once a foreign corporation is allowed to do business in Pennsylvania, "it must be treated uniformly with domestic corporations in the absence of any reasonable basis for according separate treatment." *Columbia Gas Transmission Corp. v. Commonwealth,* 468 Pa. 145, 154, 360 A.2d 592, 597 (1976). Tax classifications "based solely on

---

[7] Pa. Const. art. 8, §1, which provides as follows:
All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

place of incorporation, without any further justification, cannot stand constitutional scrutiny." *Id.* at 150, 360 A.2d at 595; *see also Gilbert Associates.* Here, Taxpayer and all other foreign corporations are given the same option to choose between tax formulas as is accorded to domestic corporations, and the tax liability of a corporation is calculated under either formula without regard to whether the corporation is foreign or domestic. Therefore, the requirements of the Uniformity Clause are in no way abridged.

The order of the Board is affirmed.[8]

ORDER

AND NOW, August 8, 1986, the order of the Board of Finance and Revenue denying Petitioner's Petition for Refund, at Board Docket No. C-12,883, dated May 29, 1984, is affirmed.

---

[8] In its brief, the Commonwealth contends that Taxpayer, in filing its Petition for Refund, has made an irrevocable election to compute its tax liability under the single-factor apportionment formula, and that Taxpayer is therefore liable for additional tax as calculated using the single-factor apportionment fraction which includes Taxpayer's intangible assets. We note, however, that Taxpayer's tax liability has already been settled by the Board using the three-factor apportionment method, and the amount of tax calculated thereunder has been paid by Taxpayer. Accordingly, we find that, under the particular facts presented in the case at bar, Taxpayer's Petition for Refund, which was made in response to the Supreme Court's decision in *Gilbert Associates,* did not constitute an irrevocable election to use the single-factor apportionment formula, and the Board is bound by the terms of the settlement it had previously approved. We therefore affirm the denial of Taxpayer's Petition for Refund, but we do not impose additional tax.